Johnson, C. J. The plaintiff in error, after the testimony was closed, moved the court to instruct the jury to find as in case of a non-suit. The power of the circuit courts to order peremptory non-suits was fully discussed and settled in the case of Martin & Van Horn vs. Webb, 5 Ark. R. 74. The court, in that case, fully recognized the doctrine laid down in 1 Pet. 471, Elmore vs. Grimes, where it was held that a non-suit could not be ordered in any case without the consent and acquiescence of the plaintiff. The plaintiff might agree to a non-suit, but if he do not so choose, the court cannot compel him to submit to it. The correct motion is, to instruct the jury that if the evidence has not proved a matter necessary to be proven, they must find for the defendant. This point has been repeatedly ruled by the supreme court of the United States, ánd is not now open to controversy. It is contended that the action is misconceived, and that the facts and circumstances of the case are not such as to sustain and support the declaration. We do not conceive that point to be raised by the record as the court below was not called upon either during the progress of the trial, or after the rendition of the judgment to pass upon it. If the plaintiff intended to object to the testimony upon the ground that it did not support the allegations, he should have made his objection at the time, or have moved for a new trial after the verdict was rendered against him. He did not elect to do so, but remained silent and suffered the evidence to go to the jury, and then moved the court to instruct as to its legal effect. The province of a bill of exceptions is not to draw the whole matter into examination again, but only the points to which it is taken; and the party must lay his finger on those points which must arise, either in admitting or denying evidence, or matter of law arising from a fact not denied, in which either party is overruled by the court. Under this view of the^case, it is not believed that the record presents the question, and consequently it would be idle to consume time in the investigation of it. The first motion is, that in case the jury believed from the evidence that John Tucker, the testator, bequeathed the slave Maria and her increase (the slaves mentioned in the declaration) to Fanny Smith during her life with power to her to give the same to the plaintiffs or such of them as she might think proper, and that said Fanny Smith, after the death of said John Tucker, intermarried with the defendant James Carr and died without making any bequest or giving said slave Maria and her increase ,to the plaintiffs or either of them, the jury must find for the defendant. This instruction was refused by the court, to which opinion the defendant below excepted and to save the same filed his bill of exceptions. The refusal of the court to give this instruction brings us to the main question involved in the cause and the one upon which it will necessarily turn. The case of Shermer vs. Shermer’s Executors is strong in point. See 1 Washington's Rep. 272. In that case it was in evidence that John Shermer, by his will, devised to his wife the use and profits of his whole estate both real and personal during her natural life, and after that was ended, then the whole of his estate, exclusive of that already given to his wife to be equally divided between whoever his wife should think proper to make her heir or heirs, and his brother Richard Shermer. The wife died in 1775, a few days after the testator without making any disposition or appointment of her part of the estate. The executors sold the estate agreeably to the will and distributed one moiety thereof amongst the relations of Mrs. Shermer; for the recovery of which the suit was brought against the executors and distributees by the appellant, the son, heir and executor of Richard Shermer, the brother named in the will. It was there held upon that state of facts, that he did not give her a power to dispose, but to name the person or persons she might choose to succeed to her part, and that it was doing small violence to the words, even in their critical meaning to say that by suffering her legal representatives to succeed her, she has actually made them her heir or heirs, as much so as if she had pointed them out by an express devise. The court further said that the cases produced tended to prove that an express estate for life to the wife with a power to dispose of the fee, should not turn her estate for life into a fee. If the law would cast the property upon the wife’s relations in that case, for a much stronger reason would the plaintiffs in this succeed to the fee. In that she was authorized to select the party who should succeed to the fee, and that without any restriction whatever, but in this she was confined in her choice to one or more, all of whom were designated by name in the will of the testator. It is contended by the plaintiff’s counsel that this is a resulting trust, and that the moment the wife died not having executed the power of appointment, the estate resulted back and fell upon the heirs at law of the testator. In deciding upon the legal operation of a will, courts look alone to the intention of the testator, and that intention is to be collected from the expressions therein used and from the relative situation of the parties, as well as the state and circumstance of each case. Can any doubt be entertained as to the intention of the testator in this case? It is perfectly manifest that he had discarded his lawful wife and that he entertained but little regard for her children. He could have furnished no stronger evidence of his entire want of affection for his lawful wife and children, than he has given in his last will and testament. The legacies of one dollar each are merely nominal, and must be conclusive evidence to every one that his object was to disinherit them, and to give his entire estate to Pan-ny Smith and his natural children. To say that the estate vested absolutely in Fanny Smith would not improve the condition of the plaintiff, as the defendants are her lawful heirs and would succeed to the inheritance. We think that the plain intention of the testator is that one or all of his natural children should enjoy his property after the death of their mother, and that she having died without designating any one in particular, it is just and proper that it should be' distributed equally amongst them,, and that they should enjoy it share and share alike. We have examined this case in every light of which it is capable, and we can arrive at no other conclusion but that the testator intended Fanny Smith to point out and designate which of her children should take the fee, and in case she should fail to make such selection, that then they should take in equal proportions. Under this view of the law we have no alternative but to affirm the judgment. Judgment affirmed.